| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MONROE CIRCUIT/SUPERIOR COURT |
| | ) SS: | Monroe Circuit Court 1 |
| COUNTY OF MONROE | ) | CAUSE NO.: 53C01-2208-CT-001641 |
| | | |
| LEE ANN SWAFFORD and ELVIS SWAFFORD, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| WESLEY SHATS, and UESCO INDUSTRIES, INC. | ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DAMAGES

Come now the Plaintiffs, by counsel, and for their Complaint for Damages against the Defendants, allege and state as follows:

1. This is a civil action seeking compensatory and punitive damages for injuries and damages sustained by Lee Ann Swafford ("Plaintiff") and the loss of consortium suffered by her husband arising out of a motor vehicle collision ("collision") that occurred on December 20, 2021, when Wesley Shats, an employee of Uesco Industries, Inc., caused a motor vehicle collision with Plaintiff's vehicle.

2. At all times pertinent hereto, Lee Ann Swafford and Elvis Swafford (jointly referred to as "Plaintiffs") were and are married.

3. Lee Ann Swafford and Elvis Swafford are residents of the State of Tennessee.

4. The Defendant, Wesley Shats, is a resident of the State of Illinois.

5. The Defendant, Uesco Industries, Inc. ("Uesco Industries") is a foreign corporation, domiciled in the State of Illinois, with its registered agent located at 5908 W. 118th Street, Alsip, Illinois, 60803.

## I.

## NEGLIGENCE - WESLEY SHATS

6. At all times mentioned herein, there was and is now in the City of Bloomington, County of Monroe, State of Indiana, a public thoroughfare known as State Road 45/46, which runs in an easterly and westerly direction and intersects with North Monroe Street to the south, and W. Stonelake Drive to the north.

7. On or about December 20, 2021, at approximately 7:15 p.m., the Plaintiff was operating a 2020 Ford Ranger eastbound on SR 45/46 and was stopped at the aforementioned intersection as she was waiting to make a left-hand turn. At the same time, the Defendant Wesley Shats was traveling eastbound on SR 45/46 and rear-ended the Plaintiff's vehicle.

8. Wesley Shats was intoxicated at the time of the collision.

9. Wesley Shats pled guilty to Operating a Vehicle While Intoxicated Endangering a Person, I.C. § 9-30-5-2(a) & (b).

10. At said time and place, the Defendant, Wesley Shats, was careless and negligent in one or more of the following respects:

   a. Wesley Shats failed to keep and maintain a proper lookout;

   b. Wesley Shats failed to keep his vehicle under proper control so as to avoid a collision with the Plaintiff's vehicle;

   c. Wesley Shats failed to exercise reasonable care to change, alter or divert the course of his vehicle so as to avoid a collision with the Plaintiff's vehicle;

   d. Wesley Shats was operating his vehicle at an excessive speed under the circumstances;

   e. Wesley Shats was negligent per se pursuant to I.C. § 9-30-5-2(a) & (b).

11. As a direct and proximate result of the negligence of the Defendant, Wesley Shats, the Plaintiff has sustained physical injuries and has experienced physical pain and mental anguish.

12. As a result of her injuries and their effects, the Plaintiff, Lee Ann Swafford, in order to attempt to treat her injuries and lessen her physical pain and mental anguish, has been required to engage the services of physicians for medical treatment and has incurred medical expenses as a result.

13. Lee Ann Swafford has ongoing injuries which may be permanent and therefore may require medical services in the future and will incur medical expenses as a result.

14. As a proximate result of Wesley Shats' negligence, Elvis Swafford has experienced the loss of services, affection and consortium of his wife, Lee Ann Swafford.

WHEREFORE, the Plaintiffs pray and demand judgment against the Defendant Wesley Shats in an amount that will fully and fairly compensate them for all their losses and damages, for the costs of this action, and for any and all other proper relief in the premises.

## II.

## RESPONDEAT SUPERIOR - UESCO INDUSTRIES

15. The Plaintiffs reallege and incorporate all prior paragraphs of this Complaint for Damages.

16. All acts and omissions of Uesco Industries herein alleged were performed and/or omitted by and through the employees, agents and/or representatives of Uesco Industries while in the course and scope of their employment.

17. At all times pertinent hereto, Wesley Shats was an employee of Uesco Industries and was acting within the course and scope of his employment with Uesco Industries.

18. Uesco Industries is vicariously liable for the negligence of its employee, Westley Shats.

WHEREFORE, the Plaintiffs pray and demand judgment against the Defendant Uesco Industries in an amount that will fully and fairly compensate them for all losses and damages, for the costs of this action, and for any and all other proper relief in the premises.

## III.

## NEGLIGENCE - UESCO INDUSTRIES

19. The Plaintiffs reallege and incorporate all prior paragraphs of this Complaint for Damages.

20. Uesco Industries was careless and/or negligent in the following ways:

   a. Uesco Industries negligently hired Wesley Shats;

   b. Uesco Industries negligently supervised Wesley Shats;

   c. Uesco Industries negligently trained Wesley Shats;

   d. Uesco Industries negligently entrusted the 2018 Ford cargo van involved in the collision to Wesley Shats, despite knowing or having reason to know that entrusting the vehicle to Wesley Shats created a substantial risk of harm.

21. The Plaintiff was injured as a direct and proximate result of Uesco Industries' negligence.

WHEREFORE, the Plaintiffs pray and demand judgment against the Defendant Uesco Industries in an amount that will fully and fairly compensate them for all losses and damages, for the costs of this action, and for any and all other proper relief in the premises.

## IV.

## PUNITIVE DAMAGES

22. The Plaintiffs reallege and incorporate all prior paragraphs of this Complaint for Damages.

23. As a proximate result of the Wesley Shats' willful, wanton, and reckless conduct in operating a motor vehicle while intoxicated, the Plaintiff suffered and incurred damages.

24. As a proximate result of Defendant Wesley Shats' willful, wanton, and reckless conduct in operating a motor vehicle while intoxicated, the Plaintiff is entitled to punitive damages.

WHEREFORE, the Plaintiffs pray and demand judgment against the Defendants for punitive damages so that Defendants may be deterred from such conduct in the future, and for any and all other proper relief in the premises.

Respectfully submitted,

**CHRISTIE FARRELL LEE & BELL, P.C.**

By: */s/ Lee C. Christie*
 LEE C. CHRISTIE, #3993-49
 *Attorney for Plaintiffs*

By: */s/ Kyle L. Christie*
 KYLE L. CHRISTIE, #31261-49
 *Attorney for Plaintiffs*

Lee C. Christie - #3993-49
Kyle L. Christie - #31261-49
CHRISTIE FARRELL LEE & BELL, P.C.
951 North Delaware Street
Indianapolis, Indiana 46202
(317) 488-5500, Fax: (317) 488-5510
lee@cflblaw.com
kyle@cflblaw.com